IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dale S. Epps, #227893, | ) | C/A No. 1:09-2007-PMD-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Dale S. Epps filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #17, 18]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #19]. Petitioner filed a response in opposition. [Entry #21]. Having carefully considered the parties' submissions and the record in this case, the court finds that Respondent's motion for summary judgment should be granted.

I.      Procedural Background

Petitioner was indicted in Greenville County in July 2006 for Burglary First Degree (2006-GS-23-6430), Kidnapping (2006-GS-23-6431), and Assault and Battery of a High and Aggravated Nature (ABHAN) (2006-GS-23-6429). (App. 261-66, *see* App. 202). Petitioner was represented by Kenneth C. Gibson, Esquire. (App. 1-207).

On January 8-9, 2007, Petitioner was tried by jury and convicted on all three indictments. (App. 202). Petitioner was served with a Notice of Intent to Seek Life Without Parole in this case.

(*See* App. 204). The Honorable C. Victor Pyle, Jr., Circuit Court Judge, sentenced Petitioner to life without parole on both the Kidnapping conviction and the Burglary First Degree conviction, and ten years confinement on the ABHAN conviction. (App. 206). Petitioner was sentenced on January 9, 2007, and did not file a timely direct appeal. Petitioner filed a petition for a late appeal dated April 10, 2007, which was denied as untimely by the South Carolina Supreme Court in an order filed on April 27, 2007. The Remittitur issued on May 15, 2007.

On May 11, 2007, Petitioner filed a *pro se* application for post-conviction relief (PCR), alleging claims for ineffective assistance of trial and appellate counsel and violations of his due process rights. On November 13, 2007, the PCR court held an evidentiary hearing at which Petitioner appeared, represented by Rodney W. Richey, Esquire. (App. at 217-52). On December 27, 2007, the PCR court filed an Order denying Petitioner's PCR, but granting a belated direct appeal pursuant to *White v. State*.[1]

In his PCR appeal, Petitioner was represented by Joseph L. Savitz III, Chief Appellate Defender with the South Carolina Commission on Indigent Defense, who filed a petition for a writ of certiorari on October 31, 2008, on the following two issues:

Issue 1.    That the record supported the PCR judge's decision to grant Petitioner a belated appeal pursuant to *White v. State*, as the State conceded that Petitioner had not voluntarily waived his right to a direct appeal.

Issue 2.    That trial counsel failed to provide effective assistance when he neglected to move to suppress a firearm found in the residence that the State could not connect to Petitioner.

---

[1] *White v. State*, 208 S.E.2d 35 (S.C. 1974) (holding that when a PCR judge determines that an applicant did not freely and voluntarily waive his direct appellate rights, the applicant may petition the South Carolina Supreme Court for review of direct appeal issues).

[Entry #18-7].

The same day counsel filed the petition for a writ of certiorari, he also filed an *Anders*[2] brief [Entry #18-8] which alleged that the trial judge committed reversible error by refusing to allow trial counsel to cross-examine the complaining witness about the fact that her boyfriend was a drug dealer, as this line of questioning was relevant to her bias under SCRE 608(c).

Petitioner also filed a pro se supplement to the *Anders* brief in which he argued the following three issues:

1.      That the trial judge erred in refusing to recuse himself (or refer the recusal motion to another judge).  The basis of the recusal motion was that the trial judge had held Petitioner to be in contempt of court and sentenced him to two years imprisonment after a guilty plea (in *State v. Dale Epps,* 90-GS-23-5951) on account of threats he made to him as the trial judge in a case involving Petitioner's brother in *State v. James Epps*.

2.      That the trial court erred in refusing to allow trial counsel to question the State's forensic expert whether she found any evidence consistent or inconsistent with the theory that the victim and defendant acted together to rob her boyfriend.

3.      That a due process violation occurred and or a remand is required where indictment was amended after the jury was sworn, to change the location of residence from 7 [redacted] Ave to 8 [redacted] Ave where the burglary and kidnapping offense allegedly occurred at 8 [redacted] Ave.

[Entry #18-9].

---

[2]*Anders v. California*, 386 U.S. 738 (1967).  *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  *Anders*, 386 U.S. at 744.

After the dismissal of his PCR, and in addition to his PCR appeal by way of his petition for a writ of certiorari, Petitioner also filed a *pro se* petition for a writ of habeas corpus in the South Carolina Supreme Court in which he moved for remand of the PCR to have the PCR court address his PCR allegation that the amendment of the indictitur to change the number on the address where the crime occurred was the result of either judicial misconduct or prosecutorial misconduct. [Entry # 18-11].

In a Memorandum Opinion filed on June 15, 2009, the South Carolina Supreme Court denied the Petition for Writ of Certiorari as to Issue 2 of the Petition, and granted certiorari on Issue 1 of the Petition. Because there was sufficient evidence to support the PCR Court's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal, the Supreme Court granted certiorari on Petitioner's Issue 1, dispensed with further briefing, and proceeded with a review of the direct appeal issue pursuant to *Davis v. State*, 342 S.E.2d 60 (S.C. 1986). The Supreme Court dismissed the appeal, granted counsel's petition to be relieved, and denied the petition for a writ of habeas corpus. The Remittitur issued on July 6, 2009. This habeas petition followed.

II.     Discussion

A.     Federal Habeas Issues

Petitioner raises the following issues in his federal petition for a writ of habeas corpus:

**Ground One:** Trial Judge committed reversible error by refusing to allow defense counsel to cross examine the witness about fact her boyfriend was drug dealer.

**Ground Two:** Whether trial judge erred in refusing to recuse himself where court had previously filed contempt of court citation in previous case.

**Ground Three:** Whether trial court erred in refusing to allow counsel to question state forensic expert whether any evidence existed to support theory victim and defendant acted to rob her boyfriend.

**Ground Four:** Trial counsel failed to provide effective assistance of counsel when he failed to move to suppress firearm state could not connect to Petitioner.

**Ground Five (A):** Whether trial counsel was ineffective in failing to object to amendment of location of offense from 7 [redacted] Street to 8 [redacted] Street; Also raised as part of trial court allowing amendment due to judicial bias where court allowed indictment to be amended as to location of offense by trial court or solicitor without the consent of Petitioner or his counsel.

**Ground Five(B):** Trial counsel was ineffective when he failed to object to the trial court/solicitor changing the location of the offense on the indictment from 7 [redacted] Ave to 8 [redacted] Ave without the consent of Petitioner or his counsel.

B.      Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

      C.      Habeas Corpus Standard of Review

          1.      Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly

established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254 ("Section 2254"). This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)     the applicant has exhausted the remedies available in the courts of the State; or

(B)     (i) there is an absence of available State corrective process; or

        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203

SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

---

[3]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

b. Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default,[4] is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of
> judicial decisions, but also the finality of those decisions, by forcing the
> defendant to litigate all of his claims together, as quickly after trial as the

---

[4]If a petitioner procedurally bypasses his state-court remedies, he is procedurally barred from raising them in federal court.

docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (*quoting Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (*citing Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

3.      Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited

circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

    D.    Analysis

        1.    Procedurally-Barred Grounds

Procedural default is an affirmative defense which is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152,165–66 (1996). It is Petitioner's burden to raise cause and prejudice or actual innocence. If not raised by Petitioner, the court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir.1995).

Respondent contends that Petitioner has failed to properly exhaust Grounds One, Two, Three, Five(a), and Five (b), and that they are therefore procedurally-barred. Respondent argues that Grounds One, Two, and Three are procedurally barred even though they were raised in Petitioner's *Anders* petition or pro se brief that were rejected on appeal by the South

Carolina Supreme Court. Respondent argues that an issue raised and rejected on appeal by an *Anders* brief is insufficient for exhaustion purposes because it "is not on the merits," *citing State v. Lyles*, 673 S.E.2d 811 (S.C. 2009).

This argument has been consistently rejected by the judges of this court. *See Goins v. Stevenson*, 08-3916-RBH, 2010 WL 922774 (D.S.C. March 9, 2010); *Mouzon v. Warden*, 09-2253-RBH, 2010 WL 1430464 (D.S.C. March 5, 2010); *Missouri v. Beckwith*, 08-2878-SB, 2009 WL 3233521 (D.S.C. Sept. 29, 2009)*; Ehrhardt v. Cartledge*, 08-2266-CMC, 2009 WL 2366095 (D.S.C. July 30, 2009)*; Singleton v. Eagleton*, 08-2539-RBH, 2009 WL 2252272 (D.S.C. July 28, 2009). Therefore, the court finds Petitioner has properly exhausted his claims in Grounds One, Two, and Three, and they are addressed on their merits below.

Respondent does not contest that Ground Four was properly preserved and is appropriate for merits review.

With respect to Grounds Five(a) and Five (b), the undersigned agrees with Respondent that they are procedurally-barred. The issues raised in Grounds Five(a) and (b), with respect to the amendment of the indictment to reflect an address change, were arguably raised in Petitioner's PCR action as due process claims. However, the PCR court did not rule on them. Petitioner now asserts these claims as allegations of ineffective assistance of counsel. Because these ineffective assistance of counsel claims were not raised and ruled upon in the PCR court, they were not preserved for review for the South Carolina Supreme Court. *Plyler v. State*, 424 S.E.2d 777 (S.C. 1992) (issue must be both raised and ruled upon by the PCR

court to be preserved for appellate review); Rule 59(e), SCRCP (providing avenue for any party to move to alter or amend judgment). Although Petitioner argues he filed a Rule 59 motion, the motion was not proper because it was filed pro se (in violation of the state bar on hybrid representation) and most significantly, after the Notice of Appeal was filed. Because Grounds Five (a) and Five (b) were not ruled upon by the PCR court, they were not preserved for appellate review. The South Carolina state courts would find them procedurally defaulted if Petitioner attempted to raise them now, therefore, these claims are procedurally barred in federal habeas corpus. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722 (1991).[5]

Therefore, to the extent that Grounds Five(a) and (b) were not fairly presented to the South Carolina appellate courts, they are procedurally-barred from federal habeas review absent a showing of cause and actual prejudice, or actual innocence. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997); *Coleman*, 501 U.S. 722 (finding if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the

---

[5] In the event that the district court disagrees with the undersigned's analysis with respect to the preservation of Grounds Five (a) and (b), a merits review is provided which suggests Petitioner is not entitled to habeas relief at any rate.

State's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner fails to articulate cause for procedurally defaulting on his grounds. Petitioner had a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues and he failed to raise them, raise them properly, or preserve these issues for habeas review. Petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve these specific issues.

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

The victim testified that Petitioner was wearing a mask when she first saw him. He tied her up, left the room, returned to tie her up more tightly and blindfolded her. A neighbor called 911, the police arrived, knocked on the front door, and after no answer, they entered through a broken window. In the meantime, the victim was able to loosen the cords around her hands, remove the blindfold, and head towards the stairs when she saw the man in her daughter's bedroom, but he was no longer wearing the mask he had been wearing earlier. The

victim ran downstairs naked, was extremely upset and told the police there was a man she did not know upstairs. (App. 93). Petitioner came running down the stairs shortly thereafter and taken into custody. The police found the items with which the victim was tied, along with several items in the daughter's bedroom that victim testified did not belong to her, including two gloves, a mask, cigarettes, and a flashlight. She also indicated that a gun that was later found in her apartment did not belong to her or anyone she knew. (App. 68-9).

In light of all of the evidence presented at trial, Petitioner cannot show actual innocence. Because Petitioner cannot establish actual innocence, the procedural bars applies as to Grounds Five(a) and (b). Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to the issues raised under Grounds Five(a) and Five (b).

2.    Merits Review

a.    Ground One

In Ground One, Petitioner alleges that the trial judge committed reversible error by refusing to allow defense counsel to cross examine the witness about fact her boyfriend was a drug dealer. The record reflects that after defense counsel asked the victim if she knew her boyfriend was a drug dealer, the State objected. (App. 73). After hearing the question repeated, the court sustained the objection and instructed the jury to disregard the question. *Id.* On appeal, Petitioner argued the trial court erred in not allowing the question because the information sought was relevant to the witness's bias under Rule 608(c), SCRE.

Petitioner fails to establish that he is entitled to federal habeas relief upon this claim. Even though otherwise exhausted, this is an issue of state law, and "[i]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("federal habeas corpus relief does not lie for errors of state law"). Federal courts must afford states deference in their determinations regarding evidence and procedure. *Cf. Crane v. Kentucky*, 476 U.S. 683, 690 (1986) ("we have never questioned the power of the States to exclude evidence through the application of evidentiary rules that themselves serve the interests of fairness and reliability, even if the defendant would prefer to see that evidence admitted"). Further, even if the state court's admission of this evidence was error under state law, it is well-established that "a state court's misapplication of its own law does not generally raise a constitutional claim. The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Horn*, 120 F.3d 400, 414 (3d Cir.1997) (citations omitted).

Furthermore, Petitioner fails to establish that the South Carolina Supreme Court unreasonably applied federal law to this claim. Petitioner cannot establish that the South Carolina Supreme Court was incorrect in denying relief upon this argument. The admission or exclusion of evidence falls within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *State v. Morris*, 656 S.E.2d 359, 368 (S.C. 2008). Petitioner cannot establish that the trial court abused its discretion in not

allowing counsel to ask if the victim's boyfriend was a drug dealer. As a result, the South

Carolina Supreme Court had no basis for granting Petitioner relief upon this claim. Ground

One should therefore be dismissed.

b.    Ground Two

In Ground Two, Petitioner alleges that the trial judge erred in refusing to recuse

himself the judge had previously cited Petitioner for contempt after Petitioner's outburst in

the courtroom after his brother, James Epps, was convicted by a jury before the same trial

judge. At trial, defense counsel moved to recuse the judge, noting that the trial judge had

presided over the murder trial of James Epps some sixteen years earlier in June 1990. (App.

5). As a result of that trial, James Epps was convicted of murder and sentenced to life

without the possibility of parole. *Id.* The trial judge stated he had no recollection of that trial.

*Id.* Counsel stated that after the sentence, there was a melee in which chairs were thrown and

there was an allegation that Petitioner threw a chair at the trial judge and cursed him out. As

a result, Petitioner was arrested on contempt and assault charges, was convicted of contempt

of court, for which he served two years in prison. (App. 6). The trial judge denied the motion

for recusal, noting that he honestly did not have any recollection of the prior case, and did

not know how he would be prejudiced. *Id.*

Petitioner presented no evidence that indicated the trial judge had a personal bias

against Petitioner that would require his recusal. *State v. Cheatham*, 561 S.E.2d 618, 624

(S.C. App. 2002) (insufficient for a party seeking disqualification to simply allege bias, but must show some evidence of persona, as distinguished from judicial, bias). In fact, the trial judge twice noted he did not have any recollection of the prior case. The prior case involved completely different and unrelated criminal charges against Petitioner. *State v. Cabiness*, 254 S.E.2d 291, 292 (S.C. 1979) (no disqualification because of an adverse decision in a former case involving entirely different and unrelated criminal charges against the same party).

After a review of the record, the court finds that Petitioner fails to show that the South Carolina Supreme Court unreasonably applied federal law or made an unreasonable determination of the facts in addressing this claim. Therefore, the court recommends dismissal of Ground Two.

c. Ground Three

In Ground Three, Petitioner alleges that the trial court erred in refusing to allow counsel to question a state forensic expert whether any evidence existed to support the theory that victim and Petitioner were acting in concert to rob her boyfriend. At trial, the State called Diane Claire Orlando of the Greenville County forensics division to testify about her examination of the crime scene. During cross examination, defense counsel noted that the defense had a story different from the victim's story and started to ask if she found evidence that was consistent or inconsistent with a set of facts. (App. 158). The State objected to the line of questioning. *Id.* The court excused the jury so the matter could be taken up outside its presence. *Id.* Defense counsel was then allowed to ask the proposed question. *Id.* Counsel

stated that its premise was that the victim and Petitioner were working together to rob her boyfriend. *Id.* Upon hearing the statement, the trial court sustained the objection and stated that he would not allow the question. *Id.* Defense counsel made no argument explaining why he should be allowed to ask the question.

In his pro se *Anders* Brief, Petitioner argued that he was trying to ask the question to present a defense that he and the victim had plotted to rob her boyfriend and they were attempting to make it appear that her home had been burglarized and that she was kidnapped. Petitioner further asserted that the question posed by defense counsel was going to show that the State could not connect the evidence to Petitioner and that the testimony would have shown that the evidence was consistent or not inconsistent with his theory.

Ground Three should be dismissed because it fails to state a claim upon which federal habeas relief can be granted. Petitioner's claim in Ground Three is essentially that the trial court erred in not allowing counsel to ask the question. As in the analysis in Ground One above, this claim hinges on the interpretation of state evidentiary rules, not federal law, and Petitioner fails to allege that any of his constitutional rights were violated by the ruling. Petitioner has not established that he was prejudiced as a result of not being allowed to ask the question.

d.    Ground Four

In Ground Four, Petitioner alleges ineffective assistance of counsel for failing to move to suppress a firearm found in the victim's apartment that he alleges the State could not connect to him.

To prevail on an ineffective assistance of counsel claim, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1985). Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id.*

The victim testified she had moved into her home less than three weeks before the incident and moved out approximately two days after the incident. (App. 258) (*citing* T. Tr. 52, 68)). The victim testified that moving men found a gun behind her dresser, but that she nor anyone in her house owned a gun, so she called the investigating officer in the instant case and asked him to come pick up the gun. (App. 68).  The investigator's testimony paralleled the victim's testimony.

The PCR court found that Petitioner had failed to set forth any arguable basis for trial counsel to have challenged the admission of the gun into evidence at trial.  The undersigned's review of the record shows that Petitioner has failed to demonstrate that he is entitled to federal habeas relief on this claim. First, he cannot establish that the PCR Court's findings

were the result of an unreasonable determination of the facts. At trial, the victim testified that she had lived in the apartment about two-and-one-half weeks before the incident. (App. 52). She noted that she had not even completely unpacked at the time of the break-in and only stayed in the apartment one night afterwards before moving out. Second, Petitioner cannot establish that the PCR court unreasonably applied federal law in finding that counsel was not ineffective in not objecting to the introduction of the handgun at trial. Petitioner cannot show that counsel was deficient when he did not object to the introduction of the handgun. Based on the testimony of the victim, it could be reasonably inferred that the handgun belonged to Petitioner, as Petitioner left behind other belongings in the apartment, including gloves, a mask, and a bag containing cigarettes and a flashlight. Because it was reasonable to infer that the gun may have belonged to Petitioner, it was admissible evidence. *See* Rule 401 and 402, SCRE; *see, e.g., State v. Salisbury*, 541 S.E.2d 247, 248 n.1 (S.C. 2001) (finding circumstantial evidence "immediately establishes collateral facts from which the main fact may be inferred, and is typically characterized by inference or presumption."). Thus, counsel had no valid basis to move to suppress the gun. (App. 250). Finally, Petitioner cannot establish that he was prejudiced by counsel's failure to object to the introduction of the gun in light of the overwhelming circumstantial evidence of Petitioner's guilt in this case and has not demonstrated that the result at trial would have differed had the handgun not come into evidence.

Petitioner has failed to establish that trial counsel was ineffective under *Strickland* or that the PCR court unreasonably determined the facts or applied the law to this claim. Ground Four should therefore be dismissed.

    e.  Grounds Five(a) and Five (b)

  In Grounds Five(a) and (b), Petitioner alleges that the trial counsel was ineffective in failing to object to the amendment of the indictment to reflect that the offenses occurred at address #8, not #7. The PCR court found Petitioner failed to meet his burden of proving trial counsel should have filed a motion to quash the indictments.

  The only challenge Petitioner could have made to the indictment would be to its sufficiency in providing him notice of the crimes for which he was charged. An indictment may be amended if: (1) it does not change the nature of the offense; (2) the amended charge is a lesser included offense of the original crime charged in the indictment; or (3) the defendant waives presentment to the grand jury and pleads guilty. *State v. Myers*, 438 S.E.2d 236, 237 (S.C. 1993).

  Petitioner fails to show that trial counsel was deficient in not moving to quash the indictment in his case. The only change made to the indictment concerned the number in the address of where the crime occurred, which did not affect the substance and nature of the crime charged. Petitioner has not argued or presented evidence that he was not on notice of the crimes for which he was being tried. Because the amendment was not improper, and Petitioner had notice of the charges against him, counsel had no basis upon which to move

to quash the indictments. Therefore, Petitioner has failed to demonstrate that trial counsel's performance fell below an objective standard of reasonableness and that the result of the trial would have been different if trial counsel had objected to the amendment of the indictment. Ground Five, both (a) and (b), should be dismissed.

III.    Conclusion

For the foregoing reasons, the court recommends that Respondent's motion for summary judgment be granted.

IT IS SO RECOMMENDED.

July 30, 2010                                    Shiva V. Hodges
Florence, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**